**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **STEPHANIE CAWLEY, CHARIS DUKE, NICK EMBREE, LAURA FRAZURE, COLIN KENNEY, JACQUELINE MANNI, KEVIN MERCER, REBECCA JEAN MURPHY, BRADLEY PHILBERT, KARL STAVEN, RICHARD REIN, and ROSEMARY SAVOIA,** individually and on behalf of all persons similarly situated, | |
| **Plaintiffs,** | **CIVIL ACTION NO.: 24-cv-2445** |
| v. | |
| **THE UNIVERSITY OF THE ARTS,** | |
| **Defendant.** | |

## CLASS ACTION COMPLAINT

Stephanie Cawley, Charis Duke, Nick Embree, Laura Frazure, Colin Kenney, Jacqueline Manni, Kevin Mercer, Rebecca Jean Murphy, Bradley Philbert, Karl Staven, Richard Rein, and Rosemary Savoia ("Plaintiffs"), on behalf of themselves and on behalf of all others similarly situated ("Similarly Situated Employees"), hereby bring this Complaint against The University of the Arts ("Defendant"). Plaintiffs bring suit by and through their undersigned legal counsel. They allege as follows:

## NATURE OF THE ACTION

1. This is a class action on behalf of Plaintiffs and Similarly Situated Employees to recover damages equaling sixty (60) days' pay and ERISA benefits due for violations of the Worker Adjustment and Retraining Notification Act of 1988 (the "WARN Act"), 29 U.S.C. §§ 2101-2109 *et. seq.*, and to recover wages for violations of the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §§ 260.1-260.12, *et seq.*

2. Plaintiffs and Similarly Situated Employees were employed by Defendant until they discovered on or about May 31, 2024, via public reporting, that Defendant had decided to close its doors and cease operations, and that they would be terminated as of June 7, 2024.

3. Defendant did not give Plaintiffs and Similarly Situated Employees at least sixty (60) days' advance written notice of termination, in violation of the WARN Act. Accordingly, Plaintiffs and Similarly Situated Employees are entitled to recover a judgment equal to their wages and ERISA benefits for sixty (60) days.

4. Plaintiffs also seek unpaid wages and liquidated damages under the WPCL.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the WARN Act claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5), and supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

6. Venue is proper pursuant to 28 U.S.C. § 1391 and 29 U.S.C. § 2104.

## PARTIES

7. Defendant The University of the Arts is a private arts university that, at all relevant times, employed approximately 800 employees. Defendant is a registered Pennsylvania corporation. Defendant's facilities include six academic buildings along or near South Broad Street, Philadelphia, along with various other residence halls and administrative buildings. Defendant's primary address is 320 South Broad Street, Philadelphia, PA 19102.

8. Defendant provided undergraduate and graduate-level arts instruction to approximately 1,300 students, who engaged in academic coursework in dance, music management, musical theater, illustration, animation, interactive technology, music performance, acting, graphic

design, directing, theatrical production, and more. According to its website, Defendant's mission was "to advance human creativity."

9. Plaintiff Stephanie Cawley was employed by Defendant as an Adjunct Professor. She expects her employment to terminate on June 7, 2024. She is a member of United Academics of Philadelphia, AFT-PA, AFL-CIO, Local 9608.

10. Plaintiff Charis Duke was employed by Defendant as an Adjunct Professor and Coach/Accompanist. She expects her employment to terminate on June 7, 2024. She is a member of United Academics of Philadelphia, AFT-PA, AFL-CIO, Local 9608.

11. Plaintiff Nick Embree was employed by Defendant as an Associate Professor. He expects his employment to terminate on June 7, 2024. He is a member of United Academics of Philadelphia, AFT-PA, AFL-CIO, Local 9608.

12. Plaintiff Laura Frazure was employed by Defendant as an Assistant Professor. She expects her employment to terminate on June 7, 2024. She is a member of United Academics of Philadelphia, AFT-PA, AFL-CIO, Local 9608.

13. Plaintiff Colin Kenney was employed by Defendant as an IT Specialist. He expects his employment to terminate on June 7, 2024. He is a member of United Academics of Philadelphia, AFT-PA, AFL-CIO, Local 9608.

14. Plaintiff Jacqueline Manni was employed by Defendant as an Assistant Registrar for Student Enrollment and Communications. She expects her employment to terminate on June 7, 2024. She is a member of United Academics of Philadelphia, AFT-PA, AFL-CIO, Local 9608.

15. Plaintiff Kevin Mercer was employed by Defendant as an Associate Professor. He expects his employment to terminate on June 7, 2024. He is a member of United Academics of Philadelphia, AFT-PA, AFL-CIO, Local 9608.

16. Plaintiff Rebecca Jean Murphy was employed by Defendant as a Manager for Annual Fund & Leadership Giving. She expects her employment to terminate on June 7, 2024. She is a member of United Academics of Philadelphia, AFT-PA, AFL-CIO, Local 9608.

17. Plaintiff Bradley Philbert was employed by Defendant as Adjunct Professor. He expects his employment to terminate on June 7, 2024. He is Vice President and a member of United Academics of Philadelphia, AFT-PA, AFL-CIO, Local 9608.

18. Plaintiff Karl Staven was employed by Defendant as an Associate Professor and Program Coordinator. He expects his employment to terminate on June 7, 2024.

19. Plaintiff Richard Rein was employed by Defendant as an Adjunct Professor. He expects his employment to terminate on June 7, 2024. He is a member of United Academics of Philadelphia, AFT-PA, AFL-CIO, Local 9608.

20. Plaintiff Rosemary Savoia was employed by Defendant as a Business Analyst. She expects her employment to terminate on June 7, 2024. She is a member of United Academics of Philadelphia, AFT-PA, AFL-CIO, Local 9608.

21. Similarly Situated Employees were employed by Defendant until their termination via mass layoff and/or plant closure without cause on or about June 7, 2024.

**STATEMENT OF FACTS**

22. Many faculty and staff employed by Defendant are represented by United Academics of Philadelphia, AFT-PA, AFL-CIO, Local 9608 (the "Union"). The Union represents two bargaining units, one comprised of faculty and the other comprised of staff.

23. The faculty bargaining unit ratified its first contract in February 2024 on behalf of approximately 380 members.

24. The staff bargaining unit voted to join the Union in May 2022, and was in the process of negotiating its first contract when Defendant announced its closure. The staff bargaining unit is comprised of approximately 120 members.

25. On May 29, 2024, Defendant notified its accrediting body, the Middle States Commission on Higher Education (the "MSCHE"), that it would imminently close. The MSCHE subsequently withdrew its accreditation from Defendant effective June 1, 2024, by issuing a Notice of Adverse Action ("NOAA"). The NOAA stated that "the institution failed to inform the Commission of closure in a timely manner or to properly plan for closure with prior approval through substantive change[,]" and that "the institution has failed to ensure all communication with constituents, regulatory agencies, and the Commission compl[ied]" with its Accreditation Process Policy and Procedures. (A true and correct copy of the Notice of Adverse Action is attached hereto as Exhibit A).

26. On May 31, 2024, the Chair of Defendant's Board of Trustee's, Judson Aaron, and Defendant's President, Kerry Walk, issued a joint statement announcing that Defendant would "close as of Friday June 7, 2024." (A true and correct copy of the joint statement is attached hereto as Exhibit B).

27. Upon information and belief, Defendant terminated Plaintiffs' employment along with the employment of nearly all of Defendant's other employees ("Similarly Situated Employees"). These terminations constitute a mass layoff and/or plant closing as defined by the WARN Act for which employees were entitled to receive 60 (sixty) days advance written notice that should have been delivered to the workers (and others required by law) on or around the week of April 8, 2024.

28. Upon information and belief Defendant did not provide notice to Plaintiffs and those similarly situated prior to May 31, 2024.

29. Defendant's discharge of Plaintiffs and those similarly situated was without cause.

## CLASS ACTION ALLEGATIONS

30. Plaintiffs bring this action on their own behalf and, pursuant to the Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of Similarly Situated Employees who worked for the Defendant and who are owed damages due to violations of the WARN Act and the WPCL.

31. The Class that Plaintiffs seek to represent is defined as:

> All employees or former employees of Defendant who were terminated as part of—or as the reasonably foreseeable result of—the mass layoff and/or plant closing ordered by Defendant on or about June 7, 2024.

32. Upon information and belief, Defendant terminated the employment of more than 100 Similarly Situated Employees along with terminating Plaintiffs' employment.

33. Defendant was required by the WARN Act to give Plaintiffs and those similarly situated at least sixty (60) days' advance written notice prior to their terminations.

34. Upon information and belief, prior to their terminations, Defendant did not provide written notice in compliance with the requirements of the WARN Act to Plaintiffs or to Similarly Situated Employees.

35. Upon information and belief, Defendant has failed to pay Plaintiffs and those similarly situated their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations, and failed to make retirement contributions and provide them with health insurance coverage and other employee benefits.

36. There are so many people in the Class identified above ("Class Members") that joinder of all Class Members is impracticable.

37. Plaintiffs' claims are typical of the claims of the Class Members.

38. Questions of fact and law are common to the Class Members, and these predominate over any such questions affecting only individual members.

39. Plaintiffs will fairly and adequately protect the interests of the Class.

40. Plaintiffs have retained counsel competent and experienced in complex employment litigation. The firm chosen has a large department focusing on labor and employment law, fully staffed with multiple experienced partners, associates, and paralegal and administrative support. The firm has represented many major figures (persons, companies, entities, and classes) in the area of labor and employment for many years in Pennsylvania, New Jersey, and elsewhere.

41. In this instance, proceeding via class action is superior to other available methods to fairly and efficiently adjudicate this controversy. For WARN Act litigation, most individual Plaintiffs / Class Members may lack the money or the other necessary resources to thoroughly and timely prosecute a lawsuit in federal court against a large private institution. This is certainly the case here.

42. Questions of law and fact are indeed common to the Class Members here, and these predominate over any questions solely affecting individual members of the Class. These include, but are not limited to:

(a) Whether the Class Members were employees of Defendant who worked at or reported to any covered facility/location;

(b) Whether Defendant was an "employer" as defined by the WARN Act;

(c) Whether Defendant, as an employer, terminated the employment of the Class Members without cause on their part and without giving them 60 (sixty) days of advance written notice;

(d) Whether Defendant's failure to provide 60 (sixty) days' notice should render it liable to the Class Members for 60 (sixty) days' pay and benefits;

(e) Whether Defendant may rely on the WARN Acts "unforeseeable business circumstances" defense, the "faltering company" defense, or some other defense;

(f) Whether Defendant may be entitled to any reduction in its liability for exercising "good faith" in its conduct of these terminations and failure to give proper notice.

## CAUSES OF ACTION

### COUNT I
### Violation of the WARN Act, 29 U.S.C. §§ 2101, *et. seq*.

43. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

44. At all relevant times, Defendant employed 100 or more employees (exclusive of part-time workers). Alternatively, it employed 100 or more employees that (in the aggregate) worked 4,000 or more hours per week, exclusive of hours of overtime within the United States as defined by the WARN Act.

45. Defendant, as a single employer, ordered the "mass layoff" and/or "plant closing" of one or more of its facilities as those terms are defined by 29 U.S.C. § 2101(a).

46. Plaintiffs and the Class Members who were terminated by Defendant as a result of Defendant's ordering the mass layoff and/or plant closing on or about June 7, 2024, were "affected employees" as defined by 29 U.S.C. § 2101(a)(5) of the WARN Act.

47. Plaintiffs and the Class Members are "aggrieved employees" of the Defendant as that term is defined by 29 U.S.C. § 2104(a)(7).

48. The mass layoff and/or plant closing at Defendant's facilities resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of

Defendants' employees, as well as 33% of Defendant's workforce at its facilities, excluding "part-time employees," as that term is defined by the WARN Act. 29 U.S.C. § 2101.

49. Pursuant to Section 2102 of WARN and 20 C.F.R. §§ 639.1 - 639.10 *et. seq.*, Defendant was required to provide to employees at least sixty (60) days prior written notice of the termination or, in certain narrow circumstances, notice as soon as practicable.

50. Defendant failed to provide at least sixty (60) days' prior notice before terminating the Class Members, and it failed to provide a notice or notices setting forth the basis for this reduced notice, as required by the WARN Act.

51. Defendant failed to pay Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) working days following their respective terminations, and failed to make retirement benefit contributions, provide other employee benefits under ERISA, and pay their medical expenses for sixty (60) calendar days from and after the dates of their respective terminations.

52. As a result of Defendant's failure to pay the wages, benefits and other monies as asserted above, the Class Members were damaged in an amount equal to the sum of the Class Members unpaid wages, PTO, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits that would have been paid for a period of sixty (60) calendar days after the date of their terminations.

**COUNT II**
**Violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1-260.12**

53. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

54. Plaintiffs and Class Members were employees covered by the WPCL. 43 P.S. § 260.9(a).

55. Defendant is an employer covered by the WPCL. 43 P.S. § 260.2a.

56. The WPCL requires that an employer pay all wages due to its employees. 43 P.S. § 260.3.

57. Wages are defined under the WPCL as "[i]ncluding all earnings of an employee," and includes "fringe benefits or wage supplements whether payable by the employer from his funds or from amounts withheld from the employes' pay by the employer." 43 P.S. § 260.2a.

58. The WPCL requires an employer to pay terminated employees any outstanding wages or compensation "no later than the next regular payday of his employer on which such wages would otherwise be due[.]" 43 P.S. § 260.5(a).

59. Defendant has intentionally failed to pay wages due to employees.

60. Pursuant to 43 P.S. §§ 260.9 and 260.10, a Defendant who intentionally fails to pay an employee wages in conformance with the WPCL shall be liable to the employee for the wages or expenses that were intentionally not paid, liquidated damages, court costs, and attorneys' fees incurred in recovering the unpaid wages.

61. Defendant does not have written authorization from Plaintiffs or Class Members to withhold, divert, or deduct any portion of their wages that concern this action.

## JURY DEMAND AND PRAYER FOR RELIEF

62. On behalf of themselves, and a class of Similarly Situated Employees, Plaintiffs demand a trial by jury in this case.

**WHEREFORE,** Plaintiffs and Class Members demand judgment against the Defendant as follows:

(a) Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, 29 U.S.C §2104(a)(5), Plaintiffs and the Class Members constitute a single class;

(b) An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and retirement contributions and other ERISA benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act;

(c) Unpaid wages, liquidated damages, and attorneys' fees as provided in the WPCL;

(d) An amount equal to the sum of accrued but unpaid vacation as of the termination date of Plaintiffs and the Class Members;

(e) Interest as allowed by law on the amounts owed per the preceding paragraphs;

(f) Appointment of Plaintiffs as the Class Representative and payment of reasonable compensation for his services as such;

(g) Appointment of the undersigned attorneys as Class Counsel;

(h) The reasonable attorneys' fees and the costs and disbursements the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. §2104(a)(6); and

(i) Such other and further relief as this Court may deem just and proper.

Dated: June 5, 2024

*/s/ Samuel H. Datlof*
**WILLIG, WILLIAMS & DAVIDSON**
Ryan Allen Hancock, Esq. (PA No. 92590)
Jordan R. Konell, Esq. (PA No. 332529)
Samuel H. Datlof, Esq. (PA No. 324716)
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
Phone: (215)-656-3600
rhancock@wwdlaw.com
jkonell@wwdlaw.com
sdatlof@wwdlaw.com

*Counsel to Plaintiffs and to the Putative Class*